Ye v. Holder

BIA
A094 789 122

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

RONG YE, AKA YE RONG,
> *Petitioner,*

> v.                                          12-4439
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rong Ye, a native and citizen of the People's Republic of China, seeks review of an October 19, 2012, decision of the BIA denying his motion to reconsider and reopen. *In re Rong Ye*, No. A094 789 122 (B.I.A. Oct. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). As an initial matter, although, contrary to the government's argument, Ye exhausted his argument that the BIA erred in the scope of its prior decision, he did so on remand and not in his motion to reconsider; therefore, the issue is not properly before us. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001) (providing that when an alien files a timely petition for review from the denial of a motion, the Court may review only the denial of that motion and not the underlying agency decisions). Ye does not otherwise challenge the BIA's denial of his motion to reconsider.

2

The BIA did not abuse its discretion in denying Ye's motion to reopen. An alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means []he must show a realistic chance that the proffered new evidence would likely alter the result in h[is] case." *Jian Hui* Shao v. Mukasey, 546 F.3d 138, 168 (2d Cir. 2008) (citations and internal quotation marks omitted); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA did not err in finding that Ye failed to establish his *prima facie* eligibility for relief based on his practice of Falun Gong because he did not submit any credible evidence showing that the Chinese government was, or would likely become, aware of his purported practice of Falun Gong. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168. Accordingly, the BIA did not abuse its discretion in denying Ye's motion to reopen. *See Jian Hui Shao*, 546 F.3d at 168; *see also Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3